**FRANK PRITCHARD, Plaintiff**

**v.**

**ESTATE OF FUI'AVAILIILI WILLIAM PRITCHARD, and DOES 1-10,**
**Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 36-95

December 4, 1995

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and ATIULAGI, Associate Judge.

Counsel:      For Plaintiff, Tuana`itau F. Tuia, L.P.
                    For Defendant, Charles V. Ala`ilima

Order Denying Application for Preliminary Injunction and Consolidating Two Actions:

This action concerns a portion of land named "Fuamete" in the Village of Leone, American Samoa ("the land"). Plaintiff Frank Pritchard ("Frank") seeks to permanently enjoin defendant Estate of Fui`availiili William

Pritchard ("the estate") from alienating the land, to have the registration of the land in the name of Fui'availili Pritchard declared void, and to quiet title to the land in the names of the heirs of Alfred James Pritchard.

The present application before the court is for a preliminary injunction to enjoin the estate and the decedent's heirs from alienating the land or constructing improvements on the land during the pendency of this action. The court regularly heard the application on November 29, 1995. Counsel for the named parties were present. The court heard testimony and has considered the evidence.

## Discussion

■ A preliminary injunction during the pendency of an action is appropriate when "there is a substantial likelihood that the applicant will prevail at trial on the merits and that a permanent injunction will be issued against the opposing party," and "great or irreparable injury will result to the applicant before a full and final trial can be fairly held on whether a permanent injunction should issue." A.S.C.A. § 43.1301(j).

Frank is not at risk of suffering great or irreparable injury while this action is pending. A companion case, *Estate of Fuiavailili William Pritchard v. Frank Pritchard, et al.*, LT No. 27-95, is also ongoing. In that case, the estate seeks to quiet title to the land in the name of the estate and title to another nearby portion of Fuamete in the names of the estate and Frank. Probate of the estate, PR No. 22-94, is likewise under way, and the land is listed in the inventory. The estate's initiative in LT No. 27-95 to quiet title to the land, coupled with the probate proceedings in PR No. 22-94, provide a sufficiently formidable legal barrier to prevent either the estate or the decedent's heirs, and Frank as well, from attempting to alienate or to construct improvements on the land, or for that matter to encumber the land, until the title issue is resolved. We can bolster that barrier by consolidating this action with LT No. 27-95, pursuant to T.C.R.C.P. Rule 42(a).

■ Since Frank has not met his burden of showing irreparable harm before trial, and his interests are adequately protected at this stage of this action, we need not presently consider the issue of likelihood of success on the merits at trial.

We will also note that since a preliminary injunction is not necessary, Frank will not have to be presently concerned with providing an undertaking required under A.S.C.A. § 43.1309(a) to protect any damages that might be awarded to the estate, should the estate ultimately prevail in this action.

113

Lastly, since the land actions are essentially for equitable relief, and if the family members are unable to resolve their internal controversies, counsel are urged to bring these matters to trial at the earliest possible date. *See* A.S.C.A. § 43.1103.

## Order

1. The application for a preliminary injunction is denied.
2. This action and LT No. 27-95 are consolidated.

It is so ordered.